this morning is 24-1183 U.S. v. Joseph Thomas. Mr. Jensen, whenever you're ready. And if you please the court, my name is Jeffrey Jensen Sr. and I represent Joseph Thomas, the appellant in this case. The government obtained an indictment against Mr. Thomas alleging that he committed one count of possession of child pornography. And the original indictment listed a file name and gave a brief text description of what was in the image. They later amended the file, the superseding indictment, amending the charge to show that there were actually two files. So that's the charges that we went to trial on before Judge Stan Miller. In the middle of the trial, the government began presenting all kinds of computer equipment, including hard drives and actual computers themselves, and began going into each of these images or description of many of the images that were on the hard drive. I doubt it was actually all of the images. But then we objected on the grounds of relevance. And it's not relevant because the indictment alleged one count of possession. And as I believe from the Bob case that I cited, the correct unit of prosecution for child pornography is not the image but the medium on which it's contained. So having presented one computer hard drive and having identified these two and began identifying other images, I objected on the grounds of relevance. And that was overruled. And that's the issue that is before the court on appeal. And the briefs, I think, raise four or five questions that I want to address in my comments here today. The first question is, the government alleges that aren't these images actually relevant? And the definition of relevance we've all heard whether it is... Before you get to the substance of the argument, Mr. Jensen, in terms of the standard of review, the objection below was the argument that the indictment charges him with possessing a specific image. So objection to any other images coming in other than that specific one. And there were a lot of other images on the first hard drive as well. So why was that pretty generalized objection sufficient to preserve this argument or at least, if not waiving it, forfeiting it? Well, there are several answers to that question. And the first one is that Judge Stattmiller has very clear rules in his courtroom about stating an objection and giving the grounds without offering the court any argument. So I believe... But the ground was the indictment charges him with possessing a specific image and it's none of these images. Right. Which is something that would apply to the first hard drive as well as the second. So is the question, why didn't I object to the other images on hard drive number one? The question is how did that objection preserve this argument? How did that objection put the district court on notice that you were only objecting to what was coming in on the second hard drive? Because our position was that any evidence of images that were not listed in the indictment are not relevant because that's what he's charged with. But weren't there other images on the first hard drive that were not listed in the indictment and you didn't object to those? Yes. Probably the truthful answer is it slipped past me. I mean, that is the honest answer. I didn't have any strategy for not objecting to the other images on the first hard drive. So the first issue that's raised or the question that's raised by the briefs I think is whether or not this is relevant evidence. The government says it's direct evidence of the count alleged in the indictment therefore it's relevant and they don't give us any further explanation in brief as to what that means, directly relevant. The closest they come is they say it undermines Mr. Thomas' claim that it was unintentional. And it doesn't undermine Mr. Thomas' claim that it was unintentional. Thomas' explanation of how these images got on the hard drive was that he was researching Wikileak type documents, declassified government documents, and every once in a while when he would do a batch download he would notice that there were some child pornography images on there and he would delete them. And I believe the evidence at the trial was that these were all thumbnails which would be remnants of what's left over after a file is deleted. So if anything, and I didn't offer this evidence, but I think if any reasonable inference can be drawn it is where he kept deleting all of these images of child pornography. That demonstrates he didn't intend to possess them. But in either case it's not relevant. Counsel, at trial the objection was relevance. In your brief you're raising relevance, you're raising 403 and you make some arguments regarding unanimity. Can you walk me through especially how those other arguments are preserved, whether a unanimity instruction was requested? How that happened was when I had time to sit down with a computer and do legal research I realized there was this rule that the Seventh Circuit and other circuits have that if the evidence, even though it is not directly charged in the information, if it's intricately related to the charge then the tendency is to admit it into evidence unless it's unfairly prejudicial to the defendant. And so that's where 403 and the duplicity arguments came into play to show that this should not be admitted as intricately related to the charge because it's prejudicial to the defendant. That's how I got from that point to those arguments. One thing I think I should touch on is isn't this harmless error? That issue, the question is raised by the brief. And my answer is no. I was expecting an argument from the government that this was a court trial and the judge is able to listen to testimony and draw the appropriate inferences and not be swayed by passion or prejudice, which is true in the case of Judge Stantmiller. However, it was unfair to Mr. Thomas because we didn't, I will admit freely standing here today, I did not go to the U.S. Attorney's Office and view all 200 of these images of child pornography because I really did believe they were only going to be presenting the two that were alleged in the indictment. So we were prejudiced in the sense that... How could you believe that though given the bill of particulars and the forensic exam results? My recollection is that the bill of particulars had only to do with the forfeiture part of it. If I'm wrong on that, then I don't have a good answer, but that was what my recollection is. There was no bill of particulars concerning the charge that I was aware of or am today. The government did though give you an opportunity, did it not, to review both hard drives, right? I'm sure I would have been granted that opportunity. I don't think it was ever extended in writing, but the U.S. Attorney's Office in the Eastern District has an open file policy. But under the Adam Walsh law, that can't be turned over. We have to go over there and view it. I only have a minute and a half left and I'd like to reserve it for rebuttal. Thank you, Mr. Jensen. Ms. Roberts? May it please the court, Tory Roberts on behalf of the United States. Joseph Thomas was convicted of one count of possessing child pornography based on evidence found on multiple electronic devices that were seized from his apartment. Although Thomas seeks to raise various unpreserved arguments on appeal, this case is primarily about the standard for relevance under Rule 401. And the district court acted well within its discretion when it admitted evidence of several images and multiple devices that Thomas possessed, both as direct evidence of the charged offense and to rebut Thomas' defense that he was not intentionally seeking out this material. And on the note of relevance, I'd like to begin with the language of the indictment because I think Mr. Thomas' relevance argument is based on a misreading of the superseding indictment. So the indictment alleged that Thomas knowingly possessed material that contained images of child pornography and, quote, the child pornography possessed by the defendant included files identified by the following partial file names, end quote. And then the indictment provided two specific file names with descriptions. Two points I'd like to highlight there. First, the indictment did not charge Mr. Thomas with possessing a specific hard drive. It charged him with possessing material that contained child pornography. So is the government's position that material can be both singular and plural? In other words, is the government's position that the word material is broad enough to encompass multiple hard drives as opposed to just one hard drive? Yes, I think here, so I think to the defendant's point regarding the unit of prosecution, I think the important thing to note there is that even in cases like the Fifth Circuit's decision in Plank, which is referenced in BOP, the decision of whether or not the government can bring multiple charges per device possessed is simply whether it is permitted. It's not that it is required. So even if the defendant is possessing multiple devices and even if the government conceivably could have brought multiple charges per device, it was not required to do so. So here, material in the indictment, So the government's position is, so for example, hypothetically say that a person had child pornography or what's purported to be child pornography on a cell phone, a computer, an iPad, and also in say hardcover form in a file in the person's garage, you think all of that can be encompassed by a one-count charge that the defendant knowingly possessed material? Yes, I think the one potential issue in your hypothetical is the different storage of the materials. So I think in cases like Buckmeyer, which deals with the possession of firearms, one of the relevant considerations there in terms of the decision of how to charge an offense, a possession offense, is often if the material was stored in the same place, it was acquired in the same transaction. And so if, for example, here we have all of these devices that are in the same location in the defendant's apartment and he's charged with one count of possessing those materials, that's permissible. It could get a little more complicated in your example where I believe you said something was stored in the garage. So that makes, I think, makes that hypothetical a little more difficult than what we have here where everything was included in one location. And I think this court has said in cases like Berger. But as I recall, though, one of the hard drives was a hard drive that was set aside. It wasn't connected to a device. I mean, it wasn't connected to a viewing device. Correct. Two of the hard drives actually were in a bin underneath the defendant's desk right next to his computer but not currently connected to his computer. But I think even so, you know, to bring it back to the relevance point, even if, for example, the one singular hard drive had been the primary offense that Mr. Thomas was charged with, the evidence on the additional hard drives was still relevant. And I'd like to respond to Mr. Jensen's point about, you know, why this material was also relevant to rebut Mr. Thomas's defense. So when Mr. Thomas took the stand at trial, he testified that he was not intentionally seeking out this material but rather that he was looking for government secrets and that he would mass download files and then see what was relevant to him and delete the remainder. So as this court said in West, when a defendant possesses child pornography on multiple devices, that makes it more likely that the defendant knew that the material was there. And here, the additional hard drives, in particular hard drive number two, the Seagate hard drive, in addition to including images of child pornography, it also included Google search history showing that the defendant had searched for terms such as young teenage pornos. So that was directly relevant to the fact that Thomas knowingly possessed this material and was seeking it out rather than simply inadvertently downloading it when he was looking for other material on the dark web. One other point I'd like to respond to that Mr. Jensen made about the notice that the defendant had prior to trial about the government's theory of the case. So it's simply not supported by the record to say that the defendant went into trial thinking that the only evidence that he needed to defend against was the two images named in the indictment. Judge St. Eve mentioned both the bill of particulars and the forensic report, but I'd also direct the court to the parties' pretrial submission prior to trial in which the government included in their exhibit list all of these devices, including entries for exhibits of obscene material that was included on multiple hard drives, as well as the Rule 16 notice that described the anticipated testimony of Special Agent Lee in which the government disclosed that Agent Lee would be testifying about the forensic examination of all of these devices as well as images that were found on these devices. So taken together, the defendant had ample notice of the government's theory of the case as well as the evidence that he needed to defend against going into trial. If there are no further questions, we would ask this court to affirm Mr. Thomas' conviction. Thank you. Mr. Jensen. There are two points I'd like to talk about. The first is I have never said in a brief or in an oral argument that I think given the unit of prosecution the government is absolutely required to charge every count that they believe they have evidence for. That's not what I'm saying. What I'm saying is when you exercise your prosecutorial discretion and you charge one count and you specifically identify the images that are an issue, then the rest of it is not relevant. Which brings me to the second point is there's a line in the government's brief that says relevancy is determined by what you have to prove at trial and what is in the information, words to that effect. So it, to me, is completely irrelevant that they turned over discovery that made available discovery that would have allowed me to go look at all the images. That's not what's in the indictment. It's irrelevant that there was a pretrial report submitted to the court where they talked about all these images they have. It's not relevant because it's not in the indictment. The indictment is what puts us on notice as to what we need to defend against, and so I don't think that has anything to do with the issue we're arguing today. Unless there's a question, those are the two points I wanted to make. Thank you, Mr. Jensen. You were also appointed to represent the appellant in this case. Thank you for your service to the court in accepting the appointment. Thank you for saying so.